UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE ANIBAL TORRES PUELLO,

                Petitioner,

-against-

MICHAEL RICHARD POMPEO, *et al.*,

                Respondents.

ORDER OF DISMISSAL

20-CV-3525 (PMH)

PHILIP M. HALPERN, United States District Judge:

        Petitioner, appearing *pro se*, brings this "emergency petition for a writ of mandamus" under 28 U.S.C.§ 1361 against Respondents Secretary of State Michael Pompeo and the U.S. Department of State, alleging that Respondents have curtailed his ability to vote in the July 5, 2020 Dominican Republic ("DR") national election. Petitioner also names as third parties the DR Government and Junta Central Electoral ("JCE"), the election board for the DR, which has offices throughout the United States. Although Petitioner styles the submission as an emergency action, he has not submitted any motion papers – such as declarations or other evidence or a proposed order to show cause – in support of the requested emergency injunctive relief.

        By order dated May 6, 2020, Chief Judge Colleen McMahon granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses the action for failure to state a claim, with 30 days' leave to replead.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Petitioner, who is a dual citizen of the United States and the Dominican Republic, asserts the following: on March 26, 2020, Secretary of State Pompeo issued a Diplomatic Note ("Note") to foreign governments regarding foreign nationals voting in the United States in foreign elections. The Note, which is attached to Plaintiff's submission, "requests [that] each respective Embassy conducting an absentee voting process provide its assurance that the process will be conducted with due respect for the sovereignty and public order of the United States, including respect for national and local policies and guidelines concerning COVID-19," and "strongly recommends" that embassies "consider establishing procedures by which [their] citizens residing in the United States may vote by mail or other method that does not require physical presence at a polling place, in order to ensure maximum participation in the election process." (Doc. 2, at 6).

Petitioner claims that the Note is unclear as to how foreign governments should proceed and was issued in "plain disregard" of his constitutional right to vote in the DR election. (*Id.* at 1). He alleges that Respondents have "no lawful authority to suspend, interfere or prevent the expression by voting of United States Citizens and Permanent Residents." (*Id.* at 3).

Petitioner also alleges that the Note has provided the DR with the opportunity to "rig" the July 5 election by disenfranchising DR voters living in the United States. (*Id.* at 2). In addition to the Note, Petitioner attaches a March 30, 2020 letter, in Spanish, from the DR's Minister of Foreign Affairs to the President of the JCE, which appears to be a cover letter for transmission of the Note.

2

Petitioner does not expressly state how DR voters will be disenfranchised, but presumably, DR voters will not be able to vote in-person and may not easily be able to vote by mail.

For relief, Petitioner requests that Respondents:

> be compelled as required by law and directed to clarify [the Note] and further be compelled to perform their duty to protect the [Petitioner's] right to vote in the United States without any interference from the United States Government and compel . . . Pompeo to notify the Government of the [DR] that Constitutional rights of United States Citizens and Permanent Resident[s] to vote are guaranteed by the United States Constitution . . . .

(*Id.* at 5).

## **DISCUSSION**

Federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." 28 U.S.C. § 1361. To obtain mandamus relief, a petitioner must show that: "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to . . . the [relief] is clear and indisputable, and (3) the [relief] is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal quotation marks and citation omitted, first alteration in original).

Petitioner does not allege facts showing that: (1) Secretary Pompeo owes him any duty which he has failed to perform, (2) no other means exist to attain the relief he seeks, or (3) the relief he seeks is clear and indisputable. Petitioner argues that Pompeo and the U.S. State Department are interfering with his ability to vote in the DR election because they have requested that foreign governments consider instituting procedures where foreign nationals living in the United States vote by mail. Petitioner reasons that in response to Pompeo's request, the DR Government has curtailed his ability to vote. But Petitioner has not alleged any facts suggesting

3

that he is entitled to the relief he seeks, that is, a clarification of the Note by Pompeo stating that the U.S. Government will protect his right to vote.

Even if the Court were to assume that Pompeo owes Petitioner this duty, such a clarification would have no effect on his ability to vote in the DR election because the DR Government determines how to hold its elections for DR nationals living in the United States, regardless of Secretary Pompeo's Note. Whether there exist other means to obtain the relief he seeks – the ability to vote in the DR election – Petitioner certainly cannot obtain this relief by filing a mandamus action.

Petitioner therefore fails to show that Secretary Pompeo has failed to perform a duty owed to Petitioner that is clear and indisputable, and that he may obtain this relief in this mandamus action.

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Petitioner filed this submission as an emergency motion concerning his right to vote in a foreign election while living in the United States. While he is not entitled to the mandamus relief he seeks, the Court grants Petitioner 30 days' leave to file an amended complaint because the nature and viability of any claim arising from the facts stated in the emergency motion are not entirely clear.

## **CONCLUSION**

Petitioner's emergency motion for mandamus relief, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

A copy of this Order is being mailed by Chambers to Petitioner.

**SO ORDERED:**

Dated:  New York, New York
        May 15, 2020

_____
PHILIP M. HALPERN
United States District Judge